```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MISTY PICKETT and CHANTELLE             :
KREUTTER, derivatively on behalf of TELADOC :
HEALTH, INC.                            :
                                         :
                                         :         1:19-cv-5875-GHW
                        Plaintiffs,     :
                                         :       MEMORANDUM OPINION &
        -against-                       :              ORDER
                                         :
TELADOC HEALTH, INC. et al,             :
                                         :
                        Defendants.     :
                                         :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Plaintiffs Misty Pickett and Chantelle Kreutter brought this derivative action on behalf of Teladoc Health, Inc., against a number of the company's directors and officers. On March 26, 2021, Magistrate Judge Barbara Moses issued a Report & Recommendation (the "R&R") in response to the defendants' motion to dismiss the complaint due to the plaintiffs' failure to make a demand on the company prior to filing the action. Dkt. No. 82. Because the Court agrees with the recommendations made by Judge Moses in the R&R, the defendants' motion to dismiss is GRANTED.

**I.      BACKGROUND**

The R&R describes in detail the facts and procedural history of this case. The Court refers the reader to the R&R for a comprehensive description of the facts and procedural history of this case. A short review of the procedural history of the case is warranted, however.

Ms. Kreutter initially filed this action on June 21, 2019, alleging derivative claims for violation of § 14 of the Exchange Act, breach of fiduciary duty and other alleged abuses. Dkt. No. 1. The Court referred the case to Judge Moses for general pre-trial management, as well for all dispositive motions on September 13, 2019. Dkt. No. 32. Judge Moses granted Ms. Kreutter leave

to file an amended complaint on September 16, 2020. Dkt. No. 33. Ms. Kreutter filed her amended complaint on October 16, 2019. Dkt. No. 34.

The defendants filed their first motion to dismiss in this case on December 13, 2019. Dkt. No. 39. In their motion, the defendants asserted that Ms. Kreutter had failed to make a proper pre-suit demand and that she had not adequately pleaded demand futility. Dkt. No. 40. While that motion was pending before the court, Ms. Pickett moved to intervene in the case. Dkt. No. 53. She asked for a temporary "stay of consideration" of the pending motion to dismiss. In her brief, Ms. Pickett described that her own forthcoming complaint, unlike Ms. Kreutter's, would be "informed by board-level books and records" obtained pursuant to 8 Del. Code § 220 ("§ 220"). Mem. in Supp. of Pickett. Mot., Dkt. No. 53-1, at 4, 19.

Ms. Pickett and Ms. Kreutter eventually agreed to join forces—stipulating that they would jointly pursue a single action. Dkt. No. 69. They filed a joint amended complaint (the "JAC") on June 4, 2020. Dkt. No. 72. It is the operative complaint in this case. The JAC again asserts derivative claims under § 14(a) of the Exchange Act, as well as for breach of fiduciary duty and other alleged abuses by officers and directors of the company. The JAC expressly incorporates by reference the documents obtained by Ms. Pickett under § 220.

The defendants moved to dismiss the JAC, again as a result of the plaintiffs' failure to make a pre-suit demand on the company and as a result of their failure to adequately plead demand futility. Dkt. Nos. 73, 74. The motion was fully briefed. On March 26, 2021, Judge Moses issued her R&R recommending that the complaint be dismissed because the plaintiffs had failed to adequately allege demand futility. She also recommended that the plaintiffs not be granted leave to amend the complaint.

Plaintiffs filed timely objections to the R&R (the "Objections"). Dkt. No. 85. The plaintiffs presented no objections to the principle recommendation of the R&R—namely, that the complaint

be dismissed. They objected only to the recommendation that the Court deny the plaintiffs leave to amend. *Id.* The defendants filed a response (the "Response") to the Objections. Dkt. No. 86. In the Response, the defendants argue that the R&R's recommendation that leave to amend be denied is well-founded given that the plaintiffs have already presented three complaints in this case to the Court, and because the plaintiffs have not identified any factual issues that they would raise that would cure the evident deficiencies in the JAC.

## II. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III.    DISCUSSION

The Court adopts Judge Moses' recommendation that the JAC be dismissed. As described above, the plaintiffs did not object to any part of her analysis or conclusion with respect to that topic. As a result, the Court has reviewed those portions of the R&R for plain error and has found none. Accordingly, the defendants' motion to dismiss is granted.

The Court also adopts Judge Moses' recommendation that the plaintiffs not be granted leave to amend the JAC further. The Court has reviewed that recommendation *de novo*. At the outset, the Court acknowledges that in this circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "Complaints dismissed under Rule 9(b) are almost always dismissed with leave to amend," unless the plaintiff has had a prior opportunity to amend its complaint or the allegations were made after full discovery in a related case. *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986) (internal quotation marks and citation omitted). Applying these principles in the companion litigation to this case, the Court declined to adopt a recommendation that leave to amend be denied. *See Reiner v. Teladoc Health, Inc.*, No. 1:18-CV-11603-GHW, 2020 WL 7028638, at *6 (S.D.N.Y. Nov. 30, 2020).

However, Judge Moses' recommendation to deny leave to amend is appropriate in this case and the Court adopts her reasoning and conclusions in full. As she observed, the JAC is the third complaint filed by the plaintiffs in this action. This is the first judicial decision in the case, but the plaintiffs, represented by sophisticated counsel, filed prior complaints with full knowledge of the nature of the burden to adequately plead futility of demand, and in the face of a prior motion to dismiss. The plaintiffs had ample time to develop their complaint in the year between the filing of this action and the filing of the JAC. The complaint clocks in at 96 pages in length, excluding

4

exhibits and the numerous documents expressly incorporated into it by reference. As Judge Moses notes, the complaint "'does not appear to have been abbreviated or foreshortened.'" R&R at 61 (quoting *Wayne County Employees' Retirement Sys. v. Dimon*, 629 F. App'x 14, 16 (2d Cir. 2015) (summary order)). The plaintiffs have had ample opportunity to—and have—stuffed their complaint with facts to support their position.

But the plaintiffs have not identified what additional facts they might plead in their fourth complaint. This lacuna influenced Judge Moses' recommendation. *See* R&R at 61 ("Plaintiffs request leave [to amend] in a single footnote . . . which gives no hint as to what more they could say that would overcome the deficiencies described above."). In their Objections, the plaintiffs were unable to bolster their request for leave to amend with a description of the facts that they would plead to cure the conceded deficiencies of the JAC. Instead, they provide only conclusory statements identifying the areas in which the pleading is deficient, and which need to be bolstered. Objections at 9, 10. And they point to avenues of potential future investigation. *Id*. But the plaintiffs have not pointed to the facts that they would seek to present in an amended pleading. Judge Moses reasonably concluded that leave to amend should be denied:

> Although Fed. R. Civ. P. 15(a) favors leave to amend whenever "justice so requires" it is "not a shield against dismissal to be invoked as . . . a fallback position in response to a dispositive motion." *F5 Capital, a Cayman Islands Corp. v. Pappas*, 2016 WL 900389, at *11 (S.D.N.Y. Feb. 17, 2016) (quoting *DeBlasio v. Merrill Lynch & Co.*, 2009 WL 2242605, at *41 (S.D.N.Y. July 27, 2009)), aff'd 856 F.3d 61 (2d Cir. 2017), *cert. denied* 137 S.Ct. 473 (2017).

R&R at 61.

## IV.     CONCLUSION

For the foregoing reasons, the Court adopts Judge Moses' thoughtful and well-reasoned R&R in full.  Consequently, the defendants' motion to dismiss is GRANTED without leave to amend.  The Clerk of Court is directed to enter judgment for the defendants, to terminate all pending motions, and to close this case.

SO ORDERED.

Dated:  September 17, 2021  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge